FORACE *v.* SALINAS.

*(District Court, D. South Carolina. April 20, 1892.)*

ADMIRALTY—COSTS—GENERAL AVERAGE—LIBELANT MAINLY SUCCESSFUL.
     A suit in general average was brought by libelant, a shipmaster, against respondent, who denied the necessity for the jettison, thus making the main issue whether libelant's entire claim was a fraud. This suit was the only method of arriving at a solution of the question. Libelant was successful on the main issue, though the amount of his claim was diminished, for want of evidence which could satisfy the court. *Held*, that respondent should pay the costs.

In Admiralty.
*I. N. Nathans*, for libelant.
*I. P. K. Bryan* and *D. B. Gilliland*, for respondent.

SIMONTON, District Judge. The only question remaining is as to the costs. Upon whom must the burden fall? In law cases costs constitute the penalty *pro falso clamore;* they inevitably follow the verdict or decision. In this court, as in equity, they do not necessarily fall on the losing party, and are altogether within the discretion of the court. When the litigation has arisen unnecessarily, either by haste before a settlement can be effected, or by unreasonable conduct *post litem*, rendering a settlement impracticable ; or when there appears in the testimony such action on the part of the litigant as renders him obnoxious to the disapproval of the court; and sometimes when the question involved is of such a character that both parties are equally interested in the decision made,—in these instances, and in many others, varying sometimes with the case and sometimes with the disposition and temper of the judge, costs are divided, or apportioned, or put upon the successful party. In the present case the ship reached port, a jettison of cargo and other matters having occurred during the voyage. The usual and proper steps were taken. An average bond was executed, and the cargo delivered. An adjustment was made by an experienced adjuster. Respondents being dissatisfied, not with the manner of, but with the occasion for, the adjustment, this libel was brought. The answer denied any responsibility for the jettison, especially and particularly for much of the ship's property.

The suit was necessary. The adjustment, having been based on an *ex parte* statement, could not bind the parties. No solution of the question could be had in any other way. The result has been a reduction of the amount due on general average, but has established the fact that it is a case of general average. I do not perceive any impropriety in bringing the suit, or any conduct on the part of the libelant which would have prevented a settlement if practicable. The main issue was, was all this claim for general average a fraud? This issue has been decided in favor of the libelant. The amount of his claim was diminished for want of evidence which could satisfy the court. There is an atmosphere of suspicion hanging around cases of this character which, resist it as we may, has its influence. The libelant has had the disadvantage of this. I am not disposed to burden him further. Let respondent pay the costs.